BOND & GOODWIN, INC. *vs.* LEO WEINER.

JUNE 26, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   This action in assumpsit on a promissory note is before us on the plaintiff's exception to the refusal of the Superior Court to enter judgment for the plaintiff, after decision in its favor as provided in the Summary Judgment Act, and on defendant's exception to the entry of said decision and to the refusal, after the entry of said decision to assign the case for trial on the continuous calendar which is a short calendar of cases to be tried by jury.

In accordance with the provisions of Public Laws 1929, Chapter 1343, as amended by Public Laws 1930, Chapter 1605, the plaintiff annexed to its writ an affidavit stating that the action was one founded on contract, express or implied, where the plaintiff sought to recover a debt or liquidated demand in money payable by the defendant and that in the opinion of the deponent there was no defense to said action. On the return day of the writ, the plaintiff (pursuant to said chapter 1343 as amended) filed with its writ and declaration a motion for summary judgment for $4,563. To avoid the entry of summary judgment against him the defendant filed an affidavit of defense which was ruled to be insufficient. ‘ The case was continued to permit him to file a sufficient affidavit. He filed another which, like the first, amounted to no more than a plea of the general issue or a statement of conclusion unsupported by any evidentiary facts. See *Cooke* v. *Sheldon*, 53 R. I. 101; *Rosenthal* v. *Halsband*, 51 R. I. 119; *Sutter* v. *Harrington*, 51 R. I. 325.

The case was again continued and thereafter defendant filed an affidavit in substance as follows: That the original note was given in payment of shares of capital stock; that the sale was induced by false and fraudulent representations made by the plaintiff and relied upon by the defendant; that "among the false statements and representations made, by the plaintiff to me, were the statements and representations that said United Founders Corporation had made huge profits and had a large surplus from earnings from said profits, which was available for distribution to and sharing by stockholders through dividends, and that a reserve had been created from the same, and provision made insuring uninterrupted payment of dividends for a period of not less than five (5) years thenceforth, whereas in truth and in fact, no huge profits had been made and no large surplus from earnings and profits were available for distribution to, and sharing by, stockholders through dividends and no reserve had been created, and no provision had been made

for the payment of dividends for a period of at least five (5) years thenceforth, as stated and represented by the plaintiff, and in fact said United Founders Corporation ceased to pay dividends prior to the bringing of this suit"; that the plaintiff agreed to renew the note from time to time until the market price of the stock reached the price paid by defendant and that the market price has never reached that amount; "that said shares of stock were pledged with the plaintiff as collateral security for said note, and the amount as claimed by the plaintiff is not correct as no credit is given for dividends or other income on said stock nor for the proceeds from the sale of said stock, if a sale has been made."

In passing upon the third affidavit, the trial justice refused to enter summary judgment but, although the affidavit by its terms "shows that there is a substantial question of fact in dispute", the defendant failed "to satisfy the court that he has in reality a defense to the action" and failed "to disclose such facts as in the opinion of the court justly entitled him to defend." The court, therefore, acting under authority conferred by said act, entered decision for the plaintiff for the amount of its claim as set forth in its affidavit.

Said act as amended, after providing that the plaintiff in certain cases may file an affidavit of no defense to the action, provides in part as follows: "After hearing the court may, unless the defendant by affidavit or by his own evidence or otherwise shall show to the satisfaction of the court that there is a substantial question of fact in dispute, order judgment entered for the plaintiff for the amount of the debt or demand with interest, if any is due, and costs, and such judgment shall be entered forthwith; and if the defendant shows that there is a substantial question of fact in dispute but fails to satisfy the court that he has in reality a defense to the action, or fails to disclose such facts as in the opinion of the court justly entitle him to defend, the court may give decision for the plaintiff for the amount of the debt or demand with interest if any is due and costs, but

subject in such case if in a district court to the right of defendant to appeal to the superior court as provided by section seven of chapter three hundred and thirty-six of the general laws and subject if in the superior court to the right of the defendant to file a written claim for a jury trial as provided by section six of chapter three hundred and thirty-seven of the general laws, and if such appeal or claim is not taken or made as there provided, judgment shall be ordered entered for the plaintiff, on *ex parte* motion, forthwith."

Said section 6 provides that "if neither party files a written claim for a jury trial at any time before its assignment day, then a jury trial shall be deemed to be waived in such cases." Neither party had claimed a trial by jury and the assignment day had passed when decision was entered. It was then too late to claim a trial by jury. *Mandeville, Brooks & Chaffee* v. *Fritz*, 50 R. I. 513; *Houle* v. *Lussier*, 50 R. I. 339; *Orr* v. *Superior Court*, 52 R. I. 335; *Kilvert* v. *Superior Court*, 52 R. I. 389. Had the plaintiff filed a sufficient affidavit on his first attempt, he would have had, after the decision against him, ample time within which to file a written claim for a trial by jury.

It will be noted that the above statute, in prescribing the procedure to be taken after summary decision, provides that "if such appeal or claim is not taken or made as there provided, judgment shall be ordered entered for the plaintiff, on *ex parte* motion, forthwith." After the entry of decision in its favor, the plaintiff moved for the entry of judgment on said decision. The defendant filed a claim for a trial by jury and filed a motion to assign the case for trial on the continuous calendar. Plaintiff moved to strike out the claim for a trial by jury. All of these motions were heard together. The court denied the motion for the entry of judgment, granted the motion to strike out and denied the motion to assign. Plaintiff excepted to the denial of its motion for judgment and the defendant excepted to the denial of his motion to assign.

The defendant has filed two bills of exceptions. The first bill contains only the exception to the decision and the second contains only the exception to the denial of his motion to assign the case on the continuous calendar for trial.

Plaintiff contends that defendant's first bill of exceptions was premature and should be dismissed under the general rule that exceptions may not be brought here piecemeal. *Malafronte* v. *Milone,* 33 R. I. 460; *Bridges* v. *Bridges,* 46 R. I. 191.

Plaintiff argues that the case is not disposed of under the summary judgment proceedings until judgment has been entered on the decision. Ordinarily exception does not lie to the entry of judgment but, in *Rosenthal* v. *Halsband, supra,* we said that "a defendant has the right to a review in this court of a decision ordering the entry of a judgment against him." We were there considering not a judgment entered in accordance with the statute after a verdict or decision; in that case it was the first opportunity the defendant had to except to the action taken by the court. The judgment in that case was a combination of decision and judgment entered by one act. The entry of judgment after decision "on *ex parte* motion, forthwith" is a final judgment from which exception does not lie. Exception to the decision must necessarily be taken promptly before judgment is entered "on *ex parte* motion." It follows that the first bill should not be dismissed for being prematurely brought. It would have been better practice to have included in the second bill the exception to the decision and thereby to have avoided two bills of exceptions. However, there is no difficulty in consolidating the two bills which, as a matter of fact, were heard together.

We will now consider the exception to the decision. Defendant's counsel saw fit to rely entirely upon affidavits instead of bringing in his witnesses and producing testimony or other evidence supplementing the affidavits. The court exercised considerable leniency with counsel in twice con-

tinuing the case to enable him to produce a sufficient affidavit. Some of the statements of fact contained in the affidavit are not very convincing. The affidavit contains statements to the following effect: "That said shares of stock were pledged with the plaintiff as collateral security for said note, and the amount as claimed by the plaintiff is not correct as no credit is given for dividends or other income on said stock nor for the proceeds from the sale of said stock, if a sale has been made."

The probability that the plaintiff promised to renew, as above set forth, does not appear to us to be exceedingly strong. If the promise was supposed to have been made at the time of the sale, the language is impliedly, at least, contradictory. We may assume that the defendant supposed that the purchase price was not above the market price. What sense was there at that time in promising to carry a loan until the stock reached a price equal to the price at that time? If the promise was made afterwards, it does not appear that there was any consideration for the promise. As to the statement that the amount claimed is incorrect "as no credit is given for dividends or other income on said stock nor for the proceeds from the sale of said stock, if a sale has been made", it is sufficient to say that it does not appear that there was any income from said stock or that a sale had been made.

Considering the entire affidavit and the failure to produce witnesses, we cannot say that the trial justice was not justified in finding that the defendant had failed to disclose such facts as "in the opinion of the court justly entitled him to defend." However, the defendant contends that the court misconceived the law in confusing the requirements of proof in an action for deceit with that required in a defense setting up a breach of warranty.

In discussing the allegations of fraud, the court said: "You don't say that these statements were made wilfully and maliciously or with knowledge of their falsity. You leave that out. It may have been more or less a seller's talk."

In order to defend on the ground of breach of warranty it is unnecessary to show that the seller knew that the representation amounting to a warranty was false. Section 12, Chap. 305, G. L. 1923, provides that: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon."

The statement, if it was made, that the corporation had a large surplus was not an expression of opinion or mere seller's talk, but was an affirmation of a material fact having a natural tendency to induce the buyer to purchase.

The trial justice, had he received any assistance from counsel, would have instantly recognized the distinction between the rule of proof in deceit and that applicable to a defense on the ground of breach of warranty. However, the justice did, apparently, confuse momentarily the two rules and we cannot say that the decision was not to some extent based on an error of law. The exception to the decision is sustained.

Plaintiff urges that, there being no oral evidence, the affidavit stands alone and speaks for itself and that this court is as capable as the trial justice of drawing inferences from the language therein contained. To save expense and avoid clogging the calendar with a certain class of cases in which there is no real defense, procedure under this statute is, and was intended to be, summary. Nevertheless, as the statute with its drastic terms is of comparatively recent origin, we hesitate, in applying the statute in this case, to work a possible injustice to a party whose conduct indicates an incomplete conception of the procedure thereunder. We are uncertain whether the defendant had no actual defense or whether he failed, even on the third attempt, to make as good a showing as the facts warrant.

Defendant's exception to the refusal to assign the case on the continuous calendar is overruled. He had failed to claim a trial by jury within the time within which he was

entitled to do so. Having failed in this, he should, if he had evidence of them, have disclosed "such facts as in the opinion of the court justly entitled him to defend." He might have done this by affidavit or by his own evidence or otherwise. If a defendant in such a position cannot produce evidence which should reasonably satisfy the court that he is entitled to go to trial, he could hardly expect to successfully defend at a full trial before the same or another justice when the plaintiff's evidence in rebuttal shall be submitted. The statute clearly prescribes the procedure. A trial by jury having been waived by failure within the prescribed time to claim it, he cannot have such a trial. The statute provides that the decision for the plaintiff is subject to the defendant's right to claim a trial by jury as provided by Section 6, Chap. 337, G. L. 1923, "and, if such . . . claim is not . . . made as there provided, judgment shall be ordered entered for the plaintiff, on *ex parte* motion, forthwith."

The plaintiff's exception to the refusal to enter judgment on the decision is overruled. It would have been error to enter judgment on the decision, after an exception had been taken thereto, until the exception is abandoned or the case disposed of adversely to the defendant.

The exception to the decision having been sustained, the case is remitted to the Superior Court for a rehearing, under the Summary Judgment Act, to permit the defendant, if he can, "to disclose such facts as in the opinion of the court justly entitled him to defend."

SWEENEY, J., dissenting. I agree with the majority opinion that defendant's exception should be sustained but for the reason that defendant's third affidavit of defense stated facts which not only showed, as the Superior Court held, that there was a substantial question of fact in dispute but also stated facts which showed that defendant had in reality a defense to the action which justly entitled him to defend.

As neither party claimed a jury trial before the assignment-day, the case should have been assigned for trial by the court and decision should not have been given against defendant without a trial.

*Elmer E. Tufts, Jr., Ronald B. Smith, Edwards & Angell,* for plaintiff.

*Max Winograd, Joseph Goodman, William J. Carlos,* for defendant.